SEPT. TERM,
1838.

Friar v. Ray,

---

## FRIAR v. RAY.

The proceeds of land sold by the sheriff, under two executions, both issued on the same day, and both delivered to the sheriff on the same day, must be appropriated by the sheriff to the satisfaction of the *eldest* judgment first, and not divided *pro rata*. A judgment ob-tained on the first day of the term, is older than one obtained the succeeding day of the same term. The English doctrine regarding the whole term as one day, and making each judgment relate back to the first day of the term, is not in force here, being contradicted by the letter and spirit of our Statutes and the unvaried practice un-der them.

*J. Scott*, counsel for plaintiff in error:

The question is, whether Friar was not, as having the prior lien, entitled to the whole proceeds of the sale; and did not the circuit court err in ordering a *pro rata* pay-ment thereof?—2 Tidd's Prac. 849; 1 Will. Rep. 39; 3 Salk. Rep. 212; 1 Will. Rep. 37, 39; 7 Term Rep. 20, 24; do. do. 20, 24; 4 East's Rep. 534; 7 Term Rep. 20, 24; 1 Black. Com. 59, 60; 1 do. do. 89; 2 do. do. 141; Co. Lit. 135; Stat. 339, sec. 1, 2; do. 339, sec. 3; do. 341, sec. 28, 29, 30; do. 259, sec. 45; do. 253, sec. 5; do. 259, sec. 45; do. 41, sec. 28, 29, 30; 8 John. Rep. 347–8; 11 do. do. 228.

*J. S. Brickey*, counsel for defendant in error:

The only question for this court to determine is, did the circuit court decide correctly in ordering the sheriff

to pay a portion of the money on each execution, according to the amount received for the land, and the amount of each execution?—Digest, 256, sec. 19; do. 339, sec. 4, 5.

SEPT. TERM,
1838.

Friar v. Ray.

McGIRK, Judge, delivered the opinion of the court.

In July, 1837, in the circuit court of St. Francois county, J. F. Hickox confessed a judgment in favor of Friar for nine hundred and fifty dollars debt, and forty dollars and seventy-five cents damages. This was done on the 18th of July; on the next day, Hickox confessed a judgment in the same court to J. S. Ray, for three hundred and fifty dollars and sixty-five cents. On the 31st July execution issued on both judgments; and on the 17th of August, both executions were put into the hands of the sheriff. The sheriff advertised the debtor's land for sale to satisfy both executions, and the land was accordingly sold. The sheriff brought the money into court, and prayed the court to order him how to pay it over. Friar insisted before the court that he was entitled to the whole of the money; and Ray insisted, by his counsel, that he was entitled to a portion, to be regulated in regard to their respective debts.

The circuit court ordered the money to be divided between the parties, in proportion to their respective debts. Friar has brought the matter here by writ of error. Mr. Scott, of counsel for Friar, insists the court erred; the error assigned, is the order making the *pro rata* payment. The counsel for the plaintiff relies on the 34th and 35th sections of the act respecting judgments and decrees—Rev. Code, 339. The 3d section declares that " liens shall commence on the day of the rendition of the judgment or decree, and shall continue for three years, subject to be revived," &c. The 4th section says: " The sale of the land under a junior judgment shall pass the title of the defendant, subject to the lien of all prior judgments or decrees then in force." The 5th declares: " The money arising from such sale shall be applied to the payment of the judgment under which it may have been sold." It appears to me, no words can be used which can make the matter more clear than it is made by the statute. The elder judgment maintains its lien till satisfied, let what will happen; the consequence must be, to make this true, that if it should happen that there be two executions of equal date, and both delivered to the sheriff at the same time, and a sale made under both, that the money must

be paid to satify the oldest lien. If the money in such case be divided, then the statute is defeated. On this part of the statute I do not see how there ought to be any doubt. But Mr. Brickey, for Ray, insists that his judgment is of equal date with that of Friar, and therefore the *pro rata* order is right. To sustain this view, he contends that, in law, the whole time is but one day. I admit that in England, for some purposes, it was so considered. But the counsel for Friar, in my opinion, has well argued that by our legislation natural days are to be regarded, in reference to this matter. In England, all judgments related to the first day of the term; but our law requires the exact day to be noted, and says from that day the lien shall commence: that the whole term was to be regarded as one day, was a mere fiction. I take it to be entirely and universally true, that in every instance in our laws, where the word *day* is mentioned, a natural day is meant. For instance, the party shall appear to a summons on the first day of the term, and plead within the first six days of the term, &c. The clerk shall set a proper number of causes for each day. This is another instance, and they might be multiplied to a great extent.

But the counsel also relies on the Statute, page 256, section 19. This section declares, that "the several sheriffs shall, upon the receipt of a writ of execution, without fee, endorse thereon the day of the month and year when the same came to hand." And then the section says: "if two or more writs of execution shall be delivered on the same day, against the same person, they shall have equal rank, and be executed accordingly." This command of the law can well be complied with in regard to personal property; because in that case there is no lien before the delivery of the execution, nor afterwards till there be a levy: then the lien on the personal property commences. Both liens shall in such case commence at once, and the money made by the sale of goods shall be divided. But in the case of land being sold, the preference begins with the date of the judgment. If these two judgments were of the same age, then I think the *pro rata* principle might well apply, but not otherwise. I conclude, for these reasons, that the circuit court erred; the other Judges concurring herein, the judgment of that court is reversed, and the cause remanded, to be carried into effect by ordering Ray to refund to Friar.