SHORE & PARKINSON's EX'RS v. THE STATE.

SEPT. TERM.
1840.

Shore and
Parkenson's
Ex'rs.
v
The State.

1. Murder, except in the first degree, is a bailable offence. Quere, whether the finding of an indictment for murder in the first degree, renders the *presumption so great* as to deprive the circuit court of power to admit to bail?

2. A recognizance to appear on the *first* day of the term is forfeited by the failure of the cognizor to appear on that day. His appearance on a subsequent day of the term will not save his recognizance.

Appeal from the Circuit court of Washington county.

*Cole for Appellants.*

1st. That the circuit court took the recognizance of bail without authority of law, and that the same is void.

2nd. That the absolute forfeiture of the recognizance of bail, entered on the first day of the term by which the bail were prevented from surrendering Millsap during the term, was a proceeding against law.

*Brickey for Appellee.*

1. Is the defendants 2d plea good in law, that the circuit court could not take bail or recognize an individual against whom there was an indictment for murder?

2. Is the 3rd plea of the defendants good in law to bar the state from proceeding by *scire facias* upon the recognizance? Dig Const., 28th page, sect. 10–11–12. Digest sect. 19, page 477, sec. 26. 1 Bacon Ab'r. 356. *Do. do.* 355. 2 do. do. 142. 1 Black. Com. 298.

*Opinion of the Court by Napton Judge.*

A scire facias was issued by the circuit court of Washington county against Shore and Parkinson, on a recognizance which they had entered into for two thousand dollars, conditioned for the appearance of one James Millsap, on the first day of the March term of said court in the year 1838. The death of Parkinson having been suggested, Evans and McGready, his executors, are made parties. On the return of the writ, four pleas were filed. Two of the pleas were nul tiel record, and payment, on each of which issue was taken. The second plea set forth that the principal in the recognizance, Millsap, was indicted for murder, and that the circuit court had no lawful power to take a recognizance of bail in such case, the said offence of murder not being bailable.

The third plea alleged, that the action should not be sustained, because the forfeiture of said recognizance was taken on the first day of the term, when by law such forfeiture could only be taken on the last day of the term, the said recognizors having the whole term to deliver up the body of the said Millsap in discharge of their recognizance, which they were prevented from doing by reason of the said forfeiture being taken on the first day.

SEPT. TERM.
1840.

Shore and Parkinson's Ex'rs.
v
The State

To each of these pleas the attorney for the state demurred, and the demurrer was sustained. The issues on the remaining pleas were found for the state, and judgment given accordingly.

The only question for the consideration of this court, arises on the correctness of the judgment given by the circuit court on the demurrer.

By the constitution of this state, every offence is bailable, except capital offences where the proof is evident or the presumption great. Whether the finding of an indictment by a grand jury, renders the presumption so great as to deprive the circuit court of any power to bail, is, I think, not necessary to be decided in this case. The plea alleged that the principal recognizor was indicted for murder, but did not aver that it was for murder *in the first degree*. Now by our statute murder is not of itself a capital offence, for all its grades, except the first, are punishable by imprisonment in the penitentiary. It does not appear to this court, from any thing in the record, but what this indictment might have been for a species of murder not capital. The court did not err therefore in sustaining the demurrer to this plea.

Murder, except in the first degree, is a bailable offence. Quere, whether the finding of an indictment for murder in the first degree, renders the *presumption so great* as to deprive the circuit court of power to admit to bail?

The second plea is bad in several respects. It does not aver that the term continued more than one day, and for aught that appeared to the court the first day of the term may have been the last. In addition to this, no offer to appear on any other day is positively averred, but that defendants by the forfeiture of the recognizance on the first day were prevented from afterwards appearing.

The plea however would not have been good, had it been amended in these particulars. The recognizance was for the appearance of Millsap on the first day of the term, and his appearance on the second or third day could not be plead.

A recognizance to appear on the *first* day of the term is forfeited by

# 642      SUPREME COURT OF MISSOURI.

SEPT. TERM.
1840.

Shore and
Parkenson's
Ex'rs

v

The State

This court has decided in the case of Friar vs. Ray, (5 Mo. Rep. 512) that the fiction of law in England which constitutes the whole term but one day, has no existence here, and that our statute when using this term, has reference to natural days. The judgment of the circuit court is therefore affirmed.

the failure of the cognizor to appear on that day. His appearance on a subsequent day of the term will not save his recognizance.